IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PAULA ZELESNIK, et al., | Case No. 1:18 CV 2165 |
| Petitioners, | OPINION & ORDER |
| -vs- | JUDGE JAMES S. GWIN |
| GENERAL MOTORS, et al., | |
| Defendants. | |

*Pro se* Petitioners Paula and Roy Zelesnik filed this civil action against multiple defendants, including General Motors, General Electric, USA Obamacare, Senators Rob Portman and Sherrod Brown, Speaker Paul Ryan, GE Capital, Jack Welch, Judge Dankof, and "YMCA/AA/OAI."[1] Paula Zelenik moves to proceed *in forma pauperis*[2]; that motion is granted.

*Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and must be liberally construed.[3] Nevertheless, district courts are required to screen all *in forma pauperis* actions and dismiss before service any action

---

[1] (Doc. 1.)
[2] (Doc. 2.)
[3] *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[4]

In order to state a claim for relief, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[5] The "allegations must be enough to raise a right to relief above the speculative level . . . ."[6] And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest."[7]

Plaintiffs' complaint must be dismissed as it asserts no plausible claim for relief. In fact, it is completely silent as to any legal claims or factual allegations whatsoever.[8] Plaintiffs' civil cover sheet lists various causes of action, including "suing the USA for [one trillion dollars] for 1929 stock market crash [and] loss of all[;] felonious assault, rape and attempted murder at Montgomery County Jail May 2010[;] wrongful death of my grandfather Daniel Zelesnik . . .[;]stalking by Cle PD in Rocky River and on RTA [and] Rapid[.]"[9] But this fails to meet pleading standards as well; it provides little to no factual basis for the claims, including which defendant was involved in the alleged misconduct.[10]

---

[4] 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

[5] *Id.* at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)).

[6] *Twombly*, 550 U.S. at 555.

[7] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

[8] (*See* Doc. 1.)

[9] (Doc. 1-1.)

Accordingly, Plaintiffs' complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: October 5, 2018
*s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[10] *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976).